Derbigny, J.
delivered the opinion of the court. The plaintiffs claim a tract of land in the possession of the defendants. Their titles derive as follows: In the year 1795, Thomas Thompson petitioned the Spanish government for a tract of ten arpens front on the left side of bayou Bœuf, with the ordinary depth, adjoining below the bayou Robert and bounded above by the domaine. The petition or requête was presented to the commandant of Rapides, who certified, at the foot of it, that the land was vacant. One year after, Thomas Thompson sold to Wm. Donegan, the plaintiff's ancestor, such right as he may have acquired under that petition. No further step was ever taken by Thompson or his successor, until the year 1811, when Donegan exhibited his requête to the commissioners of the land office and obtained from them a confirmation of his claim, such as it was. Neither Thompson nor Donegan ever were in possession of the land. The title is of the weakest kind, and ought not to prevail, except against no title at all.
One of the defendants, Roger B. Marshall, pleads title under Frederic Myers, who, as early as 1797, obtained from the Spanish government a complete *44 patent for a tract of fifteeen arpens front on both sides of bayou Bœuf.
He further pleads prescription under that title.
The other defendant, Julien Deshautel, alias Lapointe, pleads title under a certificate of the said commissioners, issued in favour of his father, and relies also on prescription.
The titles of these two defendants being altogether unconnected and of different natures, they shall be examined separately.
The patent of Frederic Myers, under whom Marshall asserts his right, is admitted to be a complete and final title. The only thing in dispute between the parties is as to its location. The plaintiffs would have it to begin five arpens, lower down than the defendants place it. In the patent itself there is no reference to any natural object, which can fix the precise spot of the location. Recourse, therefore, must be had to other testimony to ascertain it. To find out the limits, within which the party and those who held under him, possessed this tract, the several acts of sale, by which the property passed from one hand to another, are, no doubt, proper evidence. From them may be seen what the party and his successors considered as the lower part and the higher part of the tract. To fix the places where these different parties settled, oral testimony was also admissible for the reasons adduced in the *45 case of Cureton vs. Turnbull. After having taken a view of the whole, there remains no doubt in our minds that the place where T. Thompson lived was upon the lowermost five arpens of the patent, and that the other half of his land below was on Rusty’s grant, for which Wm. Miller Thompson’s executor obtained a certificate of confirmation from the land office—that the peach tree marked K is the lower boundary of Rusty’s grant of five arpens front—and that Myer’s patent begin immediately above these five arpens.
We are satisfied that whether or not there has been any settlement in the upper part of the patent, possession and settlement in the lower part was sufficient. It is surely not necessary to refer to authorities for the purpose of shewing that corporal possession of a part, with title to the whole, is possession of the whole.
So much, therefore, of the present demand, as is directed against the defendant Marshall, must be dismissed.
As to Julien Deshautel’s title to the land adjoining Myer’s patent above on the left bank of bayou Bœuf, we are bound to say that he has not not made it good.
The certicate of the commissioners, which he exhibit, is founded on a requête, in which he petitions for land on the side of the bayou, opposite to his *46 settlement—and it having been proved that he was at that time settled on the left bank, his claim calls for land on the right shore. We must therefore decide that the title, which he produces, does not apply to the land now in dispute. Neither do we find his plea of prescription maintainable—first, because his possession without title should have lasted thirty years—and secondly, because the evidence does not even shew any acts which may be considered as amounting to possession.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be reversed—and proceeding to give such judgment as we think ought to have been rendered below—we do further adjude and decree that such part of the claim of the plaintiffs as is directed against the defendant Roger B. Marshall be dismissed—and that the plaintiffs be put in possession only of so much of the land called for by their title as will be found out of the limits of Myer’s patent, after that patent shall have been so surveyed as to have its upper limit twenty arpens above the peach tree marked E on plot K filed in the record of this suit—it is further adjudged and decreed that the plaintiffs pay one half of the costs in both courts, and Julien Deshautel the other half.